

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MITCHELL L. HAMES, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:20-1576-MGL |
| | § | |
| WARDEN, *Trenton Correctional Institution*, | § | |
| Respondent. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING THE PETITION WITH PREJUDICE
AND WITHOUT REQUIRING RESPONDENT TO FILE A RETURN**

Petitioner Mitchell L. Hames (Hames) filed this 28 U.S.C. § 2254 petition against Respondent Warden of Perry Correctional Institution (the Warden). Hames is self represented.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court Hames's § 2254 petition be dismissed with prejudice and without requiring the Warden to file a return on the basis Hames's petition is untimely under the one-year limitations provision of 28 U.S.C. § 2244(d). The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 13, 2020, and the Clerk of Court entered Hames's objections to the Report on May 22, 2010. The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

As the Court has already noted, the Magistrate Judge recommends the Court dismiss Hames's petition as untimely. However, "[t]he habeas statute of limitations is subject to equitable tolling if [Hames] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Report at 4 (citation omitted) (internal quotation marks omitted).

The gist of Hames's argument as to why his petition is untimely is because he did not initially realize his trial counsel was ineffective. Although regrettable, this is an insufficient basis on which to allow for equitable tolling. Put differently, "[t]here is no evidence that warrants equitable tolling. [Hames] has not demonstrated that he pursued his rights diligently or that some extraordinary circumstances stood in his way to prevent him from timely filing his federal habeas petition. Therefore, the Petition should be dismissed as barred by the statute of limitations." *Id*. at 5 (citations omitted).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Hames's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Hames's § 2254 petition is **DISMISSED WITH PREJUDICE** and without requiring the Warden to file a return for the reasons set forth in the Report.

To the extent Hames moves for a certificate of appealability, his request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 28th day of May, 2020, in Columbia, South Carolina.

                                              s/ Mary Geiger Lewis
                                              MARY GEIGER LEWIS
                                              UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3